IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 4, 2022

## DARIN WOODS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
No. 14-03680        Paula L. Skahan, Judge

_____

### No. W2021-01332-CCA-R3-PC
_____

The Petitioner, Darin Woods, appeals from the Shelby County Criminal Court's denial of his petition for post-conviction relief from his convictions for attempted second degree murder, attempted aggravated robbery, aggravated robbery, and employing a firearm during the commission of a dangerous felony, for which he is serving an effective twenty-seven year sentence. On appeal, the Petitioner contends that the post-conviction court erred in denying relief on his ineffective assistance of counsel claim. We affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT H. MONTGOMERY, JR., J., delivered the opinion of the court, in which J. ROSS DYER and TOM GREENHOLTZ, JJ., joined.

Shae Atkinson, Memphis, Tennessee, for the appellant, Darin Woods.

Jonathan Skrmetti, Attorney General and Reporter; Benjamin A. Ball, Senior Assistant Attorney General; Amy P. Weirich, District Attorney General; Leslie Byrd, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On April 18, 2014, the Petitioner participated in the robbery of Devin and Dedrick Bradley.[1] The Petitioner and his cousins, Rodney Fleming and Sanders Malone, lured Devin and Dedrick to the back of an apartment complex where Mr. Fleming and the

---

[1] Because the two victims share a common surname, we will refer to them by their first names. No disrespect is intended.

Petitioner, brandishing a gun, told them to hand over their money and the keys to their car. In response, Dedrick and Devin ran, and the Petitioner shot Devin in the back. Mr. Malone was not present for the shooting but heard shots and picked up Mr. Fleming in his Jeep. Later, Mr. Malone met with Mr. Fleming and the Petitioner at the Petitioner's brother's house, where Mr. Malone learned about what had happened. Law enforcement officers developed suspects, including Mr. Malone, after Mr. Malone's mother called the police. Mr. Malone implicated Mr. Fleming and the Petitioner in the incident. Devin identified the Petitioner from a photograph lineup as the shooter and later testified to that fact at trial. The Petitioner testified at trial, denying his involvement in the robbery of the Bradley brothers and the shooting. *State v. Darin Woods*, No. W2016-01486-CCA-R3-CD, 2017 WL 2820126, at *1-3 (Tenn. Crim. App. June 29, 2017), *perm. app. denied* (Tenn. Nov. 20, 2017).

On April 30, 2018, the Petitioner filed a timely pro se petition for post-conviction relief. The post-conviction court dismissed the petition, and the Petitioner appealed. This court reversed the judgment of the post-conviction court and remanded the case for the post-conviction court to determine whether counsel should be appointed or whether the Petitioner should be permitted time to retain private counsel. *See Darin Woods v. State,* No. W2019-00514-CCA-R3-PC, 2020 WL 864160, at *2 (Tenn. Crim. App. Feb. 19, 2020). Upon remand, the post-conviction court appointed post-conviction counsel. As relevant to this appeal, the Petitioner, in his petition, alleged that he received the ineffective assistance of trial counsel as counsel failed to challenge a photograph lineup and failed to investigate a prosecutorial misconduct claim.

At the post-conviction hearing, trial counsel testified that he had practiced law for more than fifteen years at the time he represented the Petitioner and that the majority of his cases were criminal defense. Counsel said the Petitioner's case was difficult because several eyewitnesses, including the Petitioner's own family members, placed the Petitioner at the scene of the crime. When asked about his trial strategy, counsel said that he attempted to discredit the witnesses' testimony and to suggest that the codefendants were conspiring against the Petitioner. Counsel said he hired an investigator to assist with the investigation and the Petitioner's defense.

Trial counsel testified that he reviewed all the discovery with the Petitioner and met with the Petitioner a minimum of ten times before trial. He said he and the Petitioner discussed trial strategy "numerous times," including discussing the complaint, the photograph lineup, and the other discovery provided by the State. He said he conveyed the State's plea offer, which he thought was twenty-four years, to the Petitioner and discussed its pros and cons. Counsel said that he recommended the Petitioner accept the offer. Counsel said he also talked to the Petitioner about any lesser included offenses for which the Petitioner could be convicted at trial.

Trial counsel testified that he communicated with the Petitioner's family. He said the Petitioner's mother shared her ideas about the case with counsel. He said he contacted the Petitioner's sister, who lived in Boston, regarding the case and about her serving as a possible alibi witness, but she was unable to confirm that the Petitioner was with her at the time of the crimes. Counsel said that, as a result, he elected not to call the sister as an alibi witness. Counsel stated that he told the Petitioner an alibi defense based on his sister's testimony would not work at trial.

Trial counsel testified that he had no problems communicating with the Petitioner. Counsel related his experiences working with criminal defendants, including those who suffered from mental illness, and stated he did not believe a mental health examination was warranted. Counsel said that he and the Petitioner discussed at length whether he should testify at trial and that when the Petitioner indicated he intended to testify, counsel worked with the Petitioner in preparing his trial testimony. Counsel stated that he thought he did everything he could have done to defend the Petitioner.

The Petitioner testified that trial counsel gave him copies of discovery and met with him several times at the jail where they discussed the case. The Petitioner said he was aware of the State's plea offer of twenty-four years and was aware counsel recommended he accept the offer. The Petitioner said he also understood from counsel that four people planned to testify against him and place him at the scene of the crimes. He said counsel believed he would be found guilty based upon the witnesses' testimony.

The Petitioner testified that he was with his sister at the time of the crimes. Although he believed his sister would be called at trial as an alibi witness, he acknowledged she could not confirm he had been with her. The Petitioner stated he still would have gone to trial even if he had known ahead of time that his sister would not be called as an alibi witness.

The Petitioner testified that his cousin, Mr. Malone, identified him during a police interview and later at trial. The Petitioner said he was aware that the victim, Devin Bradley, identified him in a photograph lineup the day before Mr. Malone's statement. The Petitioner said law enforcement did not have probable cause to include his photograph in the lineup prior to Mr. Malone's statement and that counsel should have challenged the lineup.

On cross-examination, the Petitioner acknowledged that he was aware of the charges against him, his codefendants' statements implicating him in the crimes, the problems with his alibi defense, the timing of Mr. Malone's statement and the photograph lineup, and the contents of the discovery. The Petitioner stated his prosecutorial misconduct allegation related to his being placed in a photograph lineup the day before Mr. Malone made his formal police statement.

At the post-conviction hearing, the prosecutor told the court that before the Petitioner was included in the photograph lineup, law enforcement officers had been investigating the shooting and had interviewed victims who provided descriptions of potential suspects.

The post-conviction court denied relief. The court found that trial counsel did not perform deficiently by failing to challenge the photograph lineup identifying the Petitioner as a suspect because the Petitioner "failed to show how there was no probable cause" and that counsel did not perform deficiently by failing to discuss prosecutorial misconduct with the Petitioner, as there was no evidence of any misconduct.

On appeal, the Petitioner contends that trial counsel was ineffective for failing to challenge the inclusion of his photograph in a lineup because law enforcement lacked probable cause to believe the Petitioner was involved in the shooting at that time. He argues that "he should not have been placed in a photo lineup until . . . someone made him a suspect – not before." The Petitioner also contends that counsel was ineffective for "not investigating prosecutorial misconduct and pursuing that as part of his defense." The Petitioner argues that the fact he was included in the photograph lineup "before [he] was a suspect" is evidence of prosecutorial misconduct. The State contends that the Petitioner waived his ineffective assistance claims for failing to provide any legal authority in support of his arguments or, alternatively, that trial counsel's performance was not deficient and did not prejudice the Petitioner. *See* Tenn. Ct. Crim. App. R. 10(b); *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Post-conviction relief is available "when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103 (2018). A petitioner has the burden of proving his factual allegations by clear and convincing evidence. *Id.* § 40-30-110(f) (2018). A post-conviction court's findings of fact are binding on appeal, and this court must defer to them "unless the evidence in the record preponderates against those findings." *Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997); *see Fields v. State*, 40 S.W.3d 450, 456-57 (Tenn. 2001). A post-conviction court's application of law to its factual findings is subject to a de novo standard of review without a presumption of correctness. *Fields*, 40 S.W.3d at 457-58.

To establish a post-conviction claim of the ineffective assistance of counsel in violation of the Sixth Amendment, a petitioner has the burden of proving that (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687; *see Lockhart v. Fretwell*, 506 U.S. 364, 368-72 (1993). The Tennessee Supreme Court has applied the *Strickland* standard to an

accused's right to counsel under article I, section 9 of the Tennessee Constitution. *See State v. Melson*, 772 S.W.2d 417, 419 n.2 (Tenn. 1989).

A petitioner must satisfy both prongs of the *Strickland* test in order to prevail in an ineffective assistance of counsel claim. *Henley*, 960 S.W.2d at 580. "[F]ailure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim." *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996). To establish the performance prong, a petitioner must show that "the advice given, or the services rendered . . . are [not] within the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975); *see Strickland*, 466 U.S. at 690. The post-conviction court must determine if these acts or omissions, viewed in light of all of the circumstances, fell "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. A petitioner "is not entitled to the benefit of hindsight, may not second-guess a reasonably based trial strategy by his counsel, and cannot criticize a sound, but unsuccessful, tactical decision." *Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. Crim. App. 1994); *see Pylant v. State*, 263 S.W.3d 854, 874 (Tenn. 2008). This deference, however, only applies "if the choices are informed . . . based upon adequate preparation." *Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992). To establish the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

The Petitioner argues that law enforcement needed probable cause to include his photograph in a lineup before Mr. Malone's statement implicating the Petitioner in the crimes was made and that trial counsel was ineffective for not challenging the lineup. The constitutional limitation regarding the use of photograph lineups is that they cannot be "impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *Neil v. Biggers*, 409 U.S. 188, 197 (1972) (quoting *Simmons v. United States*, 390 U.S. 377, 384 (1968)); *see Bennett v. State*, 530 S.W.2d 511 (Tenn. 1975). However, the Petitioner has not alleged that the photograph lineup was impermissibly suggestive, nor has he cited to any legal authority supporting his argument that probable cause was required before the Petitioner's photograph could be placed in a photograph lineup. *See* Tenn. Ct. Crim. App. R. 10(b) ("Issues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court."). This issue is waived.

The Petitioner also contends that trial counsel was ineffective for "not investigating prosecutorial misconduct and pursuing that as part of his defense." The Petitioner argues that the fact his picture was included in the photograph lineup before he was a suspect is evidence of prosecutorial misconduct. To prevail on this claim, the Petitioner must prove by clear and convincing evidence that counsel's failure to

investigate the events resulting in the photograph lineup was deficient and prejudiced the defense. *See Strickland*, 466 U.S. at 687; T.C.A. § 40-30-110(f) (2018). The Petitioner has not presented any evidence to show that an investigation into the photograph lineup would have resulted in discovery of evidence of prosecutorial misconduct. The post-conviction court found that counsel did not perform deficiently, and the evidence does not preponderate against its finding. The Petitioner is not entitled to relief on this basis.

In consideration of the foregoing and the record as a whole, the judgment of the post-conviction court is affirmed.

_____
ROBERT H. MONTGOMERY, JR., JUDGE